UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON O. BANKHEAD,

        Petitioner,

v.

Case Number 22-11656
Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Carlton O. Bankhead filed a petition for a writ of habeas corpus relief under 28 U.S.C. § 2241 asking the Court to order the Bureau of Prisons to apply 1,222 days of "earned time credits" to his sentence. The government filed a response raising two arguments, one procedural and one substantive. The procedural argument is that Bankhead did not exhaust his administrative remedies by first seeking that credit from the BOP. The substantive argument is that Bankhead is not entitled to the credit because he does not meet the required qualifications. Because the government presses the exhaustion argument, which has merit, the Court will deny the petition without prejudice.

I.

Bankhead pleaded guilty to wire fraud and aggravated identify theft, and was sentenced on July 8, 2019 to a prison term of 60 months, to be followed by three years of supervised release. When Bankhead filed his petition, he was on home confinement under the supervision of the BOP. He contends that he is entitled to 1,222 days of earned time credit under the First Step Act. Under that statute, time credits may be earned by eligible prisoners who successfully complete certain

"evidence-based recidivism reduction programs" or "productive activities." 18 U.S.C. § 3632(d)(4). His calculation, his BOP work record, and a list of pertinent activities is incorporated in the petition, but he has not provided any BOP records or other documentary support for his assertions. Bankhead also contends that he is at minimum risk for recidivism, but again, provides no support for that assertion.

The government, asserting that Bankhead failed to exhaust his administrative remedies because he did not first request the credit to the Bureau of Prisons, argues that he is not entitled to any time credit under the First Step Act because his most recent recidivism risk assessment deemed him a medium risk, and the credits are only available to "low" and "minimum" risk offenders. The government has furnished records stating that Bankhead was assessed at both medium and high recidivism risk levels over three years in BOP custody.

According to the BOP's Inmate Locator website, Bankhead was released on November 17, 2022. *See* https://www.bop.gov/inmateloc/ (accessed May 9, 2023). As a result, it appears he has now commenced the supervised release portion of his sentence. *See United States v. Henderson*, No. 16-22, 2023 WL 1999857, at *1 (M.D. Tenn. Feb. 13, 2023) (noting that the petitioner "promptly began his term of supervised release" on the date of his release from BOP custody); *Fleming v. Dir. Bureau of Prisons*, No. 22-10080, 2022 WL 982233, at *1 (E.D. Mich. Mar. 30, 2022) (same).

II.

A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition under 28 U.S.C. § 2255; a petition questioning the manner or execution of a sentence is filed under section 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

Bankhead's motion is best construed as a petition for a writ of habeas corpus under 28 U.S.C.§ 2241, because he essentially is requesting relief from the execution of a federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Under section 2241, "[a] district court may review the BOP's calculation, but may not compute sentencing credit in the first instance." *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (citing *Jalili*, 925 F.2d at 893); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (holding that an inmate's claim was "cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a portion of his sentence."); *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 546 (6th Cir. 2011) (finding the petitioner may be entitled to a sentence credit as alleged in his section 2241 petition).

However, in order to qualify for relief under secton 2241, petitioners are required to exhaust administrative remedies before filing a habeas corpus petition. *Luedtke*, 704 F.3d at 466 (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). There are several steps that are required to exhaust BOP administrative remedies. A prisoner should first attempt to resolve the issue informally. 28 C.F.R. § 542.13. It does not appear that Bankhead engaged in an informal resolution by submitting his "Inmate Request to Staff." The next step is to file an Administrative Remedy Request on the appropriate (BP-9) form within "20 calendar days following the date on which the basis for Request occurred." 28 C.F.R. § 542.14(a). An extension of time to file the BP-9 form may be allowed if the inmate "demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). If the inmate is not satisfied with the warden's response to the BP-9, the inmate may submit an appeal on form "(BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the

General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15.

The record in this case does not demonstrate that Bankhead pursued all of these steps. As of September 21, 2022, two months after Bankhead filed his habeas petition, his administrative remedy record showed only appeals related to requests for compassionate release.

Bankhead himself does not contend that he exhausted his claims. He argues instead that the exhaustion requirements of the Prison Litigation Reform Act do not apply. While that statement is technically true, it is because the PLRA exhaustion requirements do not control exhaustion in the habeas context. *Fazzini*, 473 F.3d at 235. And unlike the PLRA, exhaustion requirements in the habeas context are "not statutorily-required." *Ibid.* In habeas corpus cases, "a prisoner's failure to exhaust available state or administrative remedies *may* be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Ibid.* at 236 (emphasis added).

Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). "The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies." *Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) (citation omitted). "Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it

– 5 –

administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation omitted) (alteration in original). "[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (citation omitted).

The question whether and how much earned time credit applies to Bankhead's sentence is most appropriately determined by the BOP as the expert and keeper of the pertinent records. Bankhead has not exhausted his administrative remedies and thus has not given the BOP an opportunity to correct any erroneous decisions. The petition therefore will be denied.

III.

The government has asserted the affirmative defense of failure to exhaust, which appears to be uncontested on this record.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: July 10, 2023